UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:16-CR-80 JD |
| (3) JOHNNY JONES | |

**OPINION AND ORDER**

The defendant, Johnny Jones, has moved through counsel for a reduction in his sentence pursuant to the retroactive provisions of Amendment 821 to the United States Sentencing Guidelines. (DE 257.) The Government opposes this motion. For the following reasons the motion will be granted.

**A. Background**

On April 5, 2017, following a jury trial, Mr. Jones was convicted of one count of conspiring to distribute over fifty grams of methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(B)(viii), and possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C).[1] Mr. Jones was then sentenced to 145 months of imprisonment on each count, running concurrently, for a total term of imprisonment of 145 months. (DE 179.) At sentencing, the Court found Mr. Jones' offense level to be 28 and that he had ten criminal history points, placing him in Criminal History Category V. This resulted in a Sentencing Guidelines range of 130 to 162 months of imprisonment.[2] (DE 188 at 28.)

---

[1] Mr. Jones was acquitted of the third count of the indictment, alleging he possessed a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c).

[2] Mr. Jones was also subject to a statutory mandatory minimum sentence for Count 1 based on his offense of conviction and enhancement of that mandatory minimum based on a prior controlled substance conviction

The criminal history calculation was eight points based on Mr. Jones' prior convictions, and two additional points for committing the instant offense while serving a criminal justice sentence pursuant to the then applicable Guidelines § 4A1.1(d). (DE 170 ¶¶60–62.) The offense level calculation was a base offense level of 26 based on the amount of methamphetamine involved and 2 additional levels based on Mr. Jones possessing a firearm during the offense conduct. (*Id.* ¶¶ 23–24.) At sentencing Mr. Jones[3] objected to the application of the firearm enhancement. His objection was overruled by the Court. (DE 188 at 25–28.)

Following his conviction, Mr. Jones unsuccessfully appealed his conviction to the United States Court of Appeals for the Seventh Circuit and unsuccessfully sought to collaterally attack his conviction through a petition under 28 U.S.C. § 2255. (DE 210, 224.)

**B. Legal Authority**

The Court has authority to modify a previously imposed sentence pursuant to 18 U.S.C. § 3582(c)(2) if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission. In determining whether a defendant is eligible for such relief, district courts are to employ a two-step analysis. *Dillon v. United States*, 560 U.S. 817 (2010). At step one, the Court is to determine whether the defendant is eligible for resentencing and the extent of a reduction authorized. *Id.* at 827. In making this determination the Court must heed the binding instructions of the Sentencing Commission codified at U.S.S.G § 1B1.10. If the defendant is eligible for a reduction, the Court advances to the second step. At the second step the Court considers any applicable § 3553(a) factors and determines whether, in

---

pursuant to 21 U.S.C. § 841(b). (DE 188 at 11.) This resulted in a mandatory minimum sentence of ten years (120 months) on Count 1. (*Id.*)

[3] At his sentencing hearing Mr. Jones chose to represent himself with the benefit of standby counsel.

2

the court's discretion, the authorized reduction is warranted in whole or in part under the particular circumstances of the case. *Id.*

**C. Discussion**

Mr. Jones argues that he is eligible for a reduction in sentence based on the retroactive amendment to the assignment of status points. As previously mentioned, under his initial Guidelines calculation Mr. Jones received two status points while under the new version of the Guidelines he would receive only one. U.S.S.G. § 4A1.1(e). This would change Mr. Jones' criminal history score from ten to nine, and place him Category IV instead of Category V. Coupled with his offense level of 28, this would result in a new sentencing range of 110 to 137 months of imprisonment.

The parties agree that Mr. Jones is eligible for resentencing under Amendment 821 but disagree on whether the Court should grant such a reduction in its discretion based upon the § 3553(a) factors. Mr. Jones argues he should be granted a new sentence of 120 months, the mandatory minimum sentence, and near the middle of the revised range. The Government argues the original 145-month sentence should be left undisturbed. The Court finds that in light of the new Guidelines range and Mr. Jones' rehabilitative efforts while incarcerated he is entitled to a reduction in sentence.

In evaluating this request, the Court recognizes that it previously considered whether a sentencing range of 110 to 137 months could be appropriately applied to Mr. Jones and decided it could not. For context, if the Court had sustained Mr. Jones' objection to the application of the firearm enhancement his offense level would have been 26. Coupled with his original Criminal History Category of V, this would have resulted in a Guideline range of 110 to 137 months.

While the Court overruled the objection based on the merits of the argument related to this enhancement, it included an alternative holding. The alternative holding was that even if it had sustained the objection, thereby lowering the Guideline range, the Court would have imposed a sentence of 145 months based on the totality of the § 3553(a) factors including Mr. Jones' extensive criminal history and non-compliance with previous terms of supervised release. (DE 188 at 48:15–20.) The Government argues this prior analysis should foreclose Mr. Jones' motion. However, for the reasons to be discussed below, the Court finds that Mr. Jones' subsequent rehabilitative conduct while incarcerated and the BOP's assessment that he is now at a low risk for recidivism merit a reconsideration of this prior assessment.

Additionally, at the original sentencing, the Court noted that the Guidelines likely understated the severity of Mr. Jones' instant offense as evidence showed he was dealing controlled substances to multiple individuals over the course of several months and "the guidelines do not account for those additional quantities." (DE 188 at 41:18–22.) This was because the Guidelines only reflected the amount of drugs and drug proceeds which law enforcement actually seized or purchased, and not the amount transferred via earlier transactions. (*Id.* at 14–18.) These facts ultimately supported the Court's original decision to impose a sentence within the middle of the Guideline range. They consequently support imposing a similar sentence under the new Guideline range.

The Government also notes Mr. Jones has an extensive criminal history as an adult in opposing the motion for a reduction. These convictions include three convictions as an adult which were not reflected in Mr. Jones' criminal history score in 1996, 1997, and 2000. The first of these convictions occurred when he was 18. Given the age of these convictions and Mr. Jones'

youth at the time of commission, they only marginally support the Government's position opposing a sentence reduction.

The Court will also recognize Mr. Jones' federal criminal history, which carried significant weight during his previous sentencing. To recap, Mr. Jones' first federal conviction was based on conduct in June 2003, slightly more than a month after he was released from probation for his Nevada controlled substance offense. (*Id.* ¶ 54.) He was sentenced to 90 months of imprisonment in the Bureau of Prisons ("BOP") and released from custody onto supervised release in January 2010. (*Id.* ¶ 55.) While on supervised release for his first federal offense Mr. Jones was arrested, in September 2010, for unlawful possession of a firearm. (*Id.*) This resulted in a revocation of his supervision and new federal charges. He was released from BOP custody in October 2012, but his supervision was revoked again based on a January 2013, petition by the Probation Office due to Mr. Jones' continued drug use, failing to report to probation, failing to participate in drug treatment, and failing to submit to drug testing. (*Id.*) As a result of his second revocation he was sentenced to 11 months of imprisonment running concurrently with his sentence for the felon in possession charge.

Mr. Jones' latest release from federal custody occurred in December 2015, and according to the Probation Office he had only been on supervised release for about four weeks before he began violating conditions by continuing to use drugs, failing to report for drug testing, and failing to report his current address. (*Id.* ¶ 59.) Mr. Jones was then arrested in August 2016 for the instant offense. At sentencing, the Court found that this pattern of persistent criminal behavior, including committing new offenses while on supervision, "indicates a significant lack of respect for the law and a need for the sentence of imprisonment to protect the public from further crimes" by Mr. Jones. (DE 188 at 45:3–7.)

5

All that being said, the Court recognizes that the Mr. Jones who has filed this motion is substantially different from the individual who was sentenced in 2017. As noted by Mr. Jones' counsel and confirmed by BOP records, he has made considerable rehabilitative efforts while incarcerated. He has worked in Federal Prison Industries for the past three years and is a leader of a seven-person team, he is studying to prepare for a commercial driver's license exam to expedite his reintegration to society upon discharge, and he successfully completed the RDAP program. He has also taken numerous classes during his present term of incarceration. (DE 259 at 2.) These are all mitigating factors which support his request for a reduction in sentence.

Mr. Jones does have a handful of disciplinary sanctions in the BOP, but the most recent was in December 2017, and all were for minor violations such as refusing an order or failing to stand count. (*Id.*) As such, the Court does not view his BOP disciplinary history as weighing against his request. Moreover, the BOP assesses Mr. Jones to be at a low risk of recidivism. (DE 263-1 at 3.) The Court would also note that Mr. Jones has already served over fifty percent of his previously imposed sentence. Overall, Mr. Jones' record while incarcerated reflects highly commendable efforts at rehabilitation and that he has become a different individual from the one who was sentenced in 2017.

After considering all of these factors, and recognizing the improvements Mr. Jones has made in his life since his incarceration, the Court finds that Mr. Jones is entitled to a reduction in sentence but not quite to the extent he seeks. In line with the Court's original assessment that a sentence in the middle of the applicable Guideline range was appropriate in 2017, the Court finds that a sentence in the middle of the revised Guideline range is appropriate. Specifically, the Court will amend Mr. Jones' sentence to be 123 months of imprisonment. This adjustment will

not affect the terms of Mr. Jones' forthcoming supervised release or alter any other portion of the judgment.

**D. Conclusion**

Accordingly, the Court GRANTS Mr. Jones' motion to reduce his sentence (DE 257) and ORDERS that Mr. Jones' sentence be AMENDED to 123 months of imprisonment.

SO ORDERED.

ENTERED: April 1, 2024

                                                      /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court